**FILED**
**Mar 20, 2026**
**01:52 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | |
|---|---|
| PAUL SADDLER,<br>　　　**Employee,**<br>**v.**<br>UNITED MECHANICAL AND<br>ELECTRIC, INC.,<br>　　　**Employer,**<br>**and**<br>ACCIDENT FUND INS. CO. OF<br>AMERICA,<br>　　　**Carrier.** | Docket No. 2024-50-4774<br><br><br>State File No. 38361-2024<br><br><br><br>Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING BENEFITS

On March 4, 2026, the Court held an expedited hearing to determine whether Mr. Saddler is likely to prove that he suffered an injury arising primarily out of his employment with United Mechanical. For the reasons below, the Court finds Mr. Saddler did not meet his burden of proof as to causation and denies his claim for benefits at this time.

### History of Claim

This case is unusual because Mr. Saddler had no memory of how he injured himself or anything else that happened on May 29, 2024. He only knew that he worked for United Mechanical as a heating, ventilation, and air-conditioning installer working at a construction site in Clarksville. He did not present any witnesses to the incident or what led to emergency medical services being called to the site.

While emergency personnel were treating Mr. Saddler, he experienced symptoms that raised concerns of a seizure. He was intubated, sedated, and taken by helicopter to the hospital, where he was diagnosed with a subdural hematoma and multiple skull fractures. The emergency record stated that Mr. Saddler had

"evidence of a significant [closed-head injury] after a fall from 8 feet at 10:30. The patient reportedly had a non-syncopal fall onto an unknown type of surface at 10:30." The record continues that Mr. Saddler's history was "limited to Life Flight as the patient is intubated and sedated."

The hospital also conducted a drug screen that was "presumptively positive" for cannabinoids, although no levels of the drug or evidence of a confirmatory test were provided. Mr. Saddler testified that he had used vapes with cannabinoids in the past, but the last time he recalled doing so was at least a week before his injury. He said that he had never gone to work intoxicated. He also testified that he had suffered a traumatic brain injury in the past that caused headaches, but he had never had a seizure.

United Mechanical's owner testified that on the day of the injury, the company had been certified as a Tennessee Drug-Free Workplace. He provided a Drug Free Workplace Application form dated July 26, 2023.

The only description of the incident was contained in Dr. Jeffrey Hazlewood's independent medical evaluation report. He said Mr. Saddler's wife advised that a coworker told her she was in another room when she heard a "commotion." She ran into the other room and found Mr. Saddler unconscious and "apparently he had fallen off a ladder." Dr. Hazlewood concluded his report by stating that Mr. Saddler was not at maximum medical improvement and required additional treatment.

### Findings of Fact and Conclusions of Law

Mr. Saddler must prove a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2025).

To prove causation, Mr. Saddler must establish that he suffered an injury caused by a specific incident . . . arising primarily out of and in the course and scope of employment. This means he must prove that his employment contributed more than 50% in causing the disablement or need for treatment, "considering all causes." *Id.* § 50-6-102(12)(A)-(B).

Mr. Saddler has shown that he suffered a serious head injury at work. However, he must still prove that his injury arose primarily out of his employment and contributed more than 50% in causing his disablement or need for treatment.

An "idiopathic injury" is "one that has an unexplained origin or cause and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Miller v. Logan's Roadhouse, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 59, at *9 (Nov. 15, 2018). The "focus

2

is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id*.

In *Miller*, the employee asserted that he fell because fumes and heat caused him to pass out. He did not have medical proof supporting that assertion but was able to prove that he was injured because he struck some shelves. Thus, his injury was "causally related to some incident to the employment," i.e., the additional hazard created by the shelves. The Board held the proof was enough at the interlocutory stage to award benefits. *Id*. at *10.

Here, Mr. Saddler has offered no evidence as to why he fell. Further, he has not established any hazard causally related to his injury that was peculiar to his employment. The only accounts of the incident were speculation and inadmissible hearsay. But even if they were admissible, they would still not be enough to meet Mr. Sadler's burden. Without any admissible evidence linking his employment to either his fall or his injury, other than the fact that the injury occurred at the construction site, the Court cannot find at this time that Mr. Saddler is likely to prove causation at trial.[1]

**IT IS ORDERED:**

1. Mr. Saddler's request for benefits is denied.

2. This case is set for a Scheduling Hearing on **May 13, 2026, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED March 20, 2026.**

**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

**Exhibits:**
1. Dr. Hazlewood's IME report
2. Wage Statement

---

[1] Because the claim is denied on causation grounds, the Court need not address United Mechanical's intoxication defense at this time.

3. Notice of Denial
4. Vanderbilt Records
5. Drug Free Workplace Acceptance Notice

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on March 20, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Lauren Ray | X | lray@forthepeople.com |
| Gordon Aulgur | X | Gordon.aulgur@afgroup.com<br>Christine.Spear@afgroup.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

**<u>CERTIFICATE OF SERVICE</u>**

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*